UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF PAMINA, LLC, as owner of the vessel, *PAMINA,* FOR EXONERATION FROM OR LIMITATION OF LIABILITY | IN ADMIRALTY<br><br>Case No. 22-cv-1679<br><br>**COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY** |

NOW COMES the Petitioner, PAMINA, LLC (hereinafter "Petitioner" and also referred to as a Plaintiff-in-Limitation), as the owner of the vessel, *PAMINA*, (hereinafter "the Vessel") at the time of an incident described more fully below, by and through its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and hereby petitions for exoneration from or limitation of liability pursuant to Section 30505 of Title 46 of the United State Code, 28 U.S.C. § 1333, and under Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and in support thereof avers as follows:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

COMPLAINT  - Page 1

277795669v.1

2. Venue is proper pursuant to Supplemental Admiralty Rule F(9) because the events giving rise to this action took place in navigable waters, particularly the Ballard (Hiram M. Chittenden) Locks in Seattle, Washington and because the Vessel is located within the district.

3. The Vessel, *PAMINA*, is a 64-foot, 2003 Grand Alaskan Trawler (Official Number 1143720), equipped with Caterpillar 3196 Marine Diesel engines and Glendinning electronic engine controls, among various other systems.

4. Petitioner, PAMINA, LLC, as the owner of the Vessel, is a party entitled to petition for exoneration from or limitation of liability within the meaning of the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512 (2006) and Supplemental Admiralty Rule F(9).

5. On the morning of May 28, 2022, the Vessel was transiting through the Ballard (Hiram M. Chittenden) Locks in Seattle, Washington, heading westbound towards Shilshole Bay. The Vessel was positioned inside the locks with other vessels at the instruction and direction of the lockmaster. After tying up and after approximately fifteen feet of water had been let out of the lock and the west gate was beginning to open, the Vessel suddenly, and without warning, started to reverse while the engine control levers were in neutral causing collisions with multiple other vessels causing them and the Vessel damage (the "Incident").

6. Petitioner is informed and believes and thereupon alleges that no suit has been filed against Petitioner.

7. Any and all injuries and damages allegedly resulting from the Incident were not caused by or attributable to any fault, design, neglect or want of due care on the part of Petitioner, or anyone for whom Petitioner may be responsible, and any and all such alleged damage was occasioned and occurred without Petitioner's privity or knowledge.

/ / /

COMPLAINT - Page 2

277795669v.1

**WILSON ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901 (Fax)

8. Any and all damages, injuries and losses were occasioned and incurred accidentally and/or as a result of other causes warranting complete exoneration of Petitioner from liability.

9. Upon information and belief, the damages that may in the future be asserted by Claimant(s), if any, and/or others might or will exceed the total sum or sums for which Petitioner may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

10. Petitioner denies any and all liability for any loss, damage or injury which may be claimed by any person or entity arising out of the Incident and therefore demands exoneration from liability.

11. In the alternative, Petitioner claims the benefit of limitation of liability as provided for in the Limitation of Liability Act, 46 U.S.C. § 30505.

## PRAYER

WHEREFORE, Petitioner prays:

a) That the Court enter an Order directing the issuance of a Monition to all persons claiming alleged damages for any and all losses, damage, or injury occasioned or incurred as a result of the Incident, or occurring during the voyage upon which the Vessel was engaged, citing them to appear before this Court and make due proof of their claims, and also to appear and answer the allegations of this Complaint according to law, or thereafter be barred from making or otherwise pursuing any such claims against Petitioner, its agents, representatives, crew members or any person on whose behalf Petitioner may be liable or against the Vessel.

/ / /

COMPLAINT - Page 3

277795669v.1

**WILSON ELSER**
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901 (Fax)

b) That the Court issue an Order further directing that pursuant to Rule F an injunction shall issue restraining the further prosecution of any and all suits, actions, and proceedings which may have already begun to recover for alleged damages sustained as a result of the Incident and further enjoining the commencement or prosecution thereafter of any suit, action or legal proceeding of any nature against Petitioner, its members, agents, representatives, crew members, or any other person in respect to any claim or claims arising out of the Incident.

c) That the Court enter an Order approving Petitioner's proposed Letter(s) of Undertaking, and that the Court order such increases and decreases in such security as the Court may from time to time deem proper.

d) That if deemed necessary by the Court or at the reasonable request of any claimant, the Court cause due appraisement to be made of the value of the Vessel at the time of the Incident.

e) That the Court order Petitioner to file an Amended Stipulation of Value with surety pending any demand for future appraisal of the value of the Vessel.

f) That the Court adjudge:

i. That Petitioner, its agents, representatives, members, charterers, and the Vessel are not liable to any extent for any loss, damage or injury for any claim whatsoever in any way arising out of or in consequence of the Incident and, therefore, they are entitled to exoneration from any and all liability which has been claimed against them as a result of the Incident in question, or

/ / /

COMPLAINT - Page 4

277795669v.1

WILSON ELSER
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901 (Fax)

ii. If Petitioner shall be adjudged liable and the claims are affirmatively proven, then such liability for all claims shall be limited to the amount of the value of Petitioner's interest in the Vessel after the Incident, and that the money paid or secured be divided *pro rata* among such claimants as they may duly prove their claims before the Court according to the Limitation of Liability Act and Supplemental Rule F in accordance with the priorities to which they may legally be entitled, and that a decree be entered discharging Petitioner and the Vessel from all further liability.

g) That Petitioner may have such other and further relief as this Court may deem just and proper at law and in equity.

Respectfully submitted,

DATED this 27th day of November, 2022.

WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

*[signature]*

B. OTIS FEDER, WSBA # 24057
1700 7th Avenue, Suite 2100, Seattle, WA 98101
Telephone: 206-709-5900 | Facsimile: 206-709-5901
Email: Otis.Felder@wilsonelser.com
*Attorneys for PAMINA, LLC*

COMPLAINT - Page 5

277795669v.1

WILSON ELSER
Wilson, Elser, Moskowitz, Edelman, & Dicker LLP
1700 7th Avenue, Suite 2100
Seattle, WA 98101
296.709.5900 (Main) ● 206.709.5901 (Fax)